## Smith v. Rhoades.

### In the Court below,

JOHN SMITH, *Plaintiff*; ELEAZER RHOADES, *Defendant*.

A. brings an action on a judgment recovered against B. in Massachusetts; B. pleads that, at the time the suit was commenced, upon which that judgment was founded, he was not an inhabitant of Massachusetts, nor did he reside there, nor had he any property there; this plea is bad, because it does not deny actual, or legal, notice.

THIS was an action of debt, brought on a judgment, recovered by the present plaintiff, against the present defendant, before the Court of Common Pleas, in the County of Hampshire, and Commonwealth of Massachusetts.

Plea in bar, that the defendant, at the time the suit was instituted against him, on which the judgment declared upon was founded, was an inhabitant of this State, residing in the Town of Sterling, and was not an inhabitant of the Commonwealth of Massachusetts, and did not reside within the jurisdiction thereof, and was not subject to the jurisdiction of any court sitting under the authority thereof; nor had he then, or at any time during the pendency of said suit, any lands, estate, property, effects or credits, in said Commonwealth, or subject to the jurisdiction thereof, or of any court sitting under the authority thereof.

To this plea the plaintiff replied, that for a long time before the date of the writ, on which the judgment aforesaid was founded, and also when said writ was served, the defendant was an inhabitant of, and did actually reside in, the Town of Partridgefield, in said Commonwealth, and had estate, both real and personal, in said Town, and within the jurisdiction of said Court of Common Pleas; that said suit was instituted, and served on the defendant, according to the laws of said Commonwealth; that he had legal, and actual, notice; and that he employed counsel, who, in pursuance of his instructions, appeared in the case, and made defence therein, in his behalf. The replication concluded, by traversing the fact, that the defendant, at the time when said suit was instituted, was a citizen of this State, residing in the Town of Sterling.

To this replication there was a general demurrer; and judgment, by the Court, that the replication was insufficient.

Error was assigned generally.

*Ingersoll*, for the plaintiff in error.

*Smith*, (of New-Haven) for the defendant.

The judgment was reversed, unanimously.

BY THE COURT. The defendant's plea in bar is insufficient, for that in said plea there is no averment of the want of legal notice of said suit.

The courts of justice, in the respective States, are open to all persons, who apply for the trial of causes, and the

Y

administration of justice, on questions of right, provided they are legally brought before them. In the defendant's plea, it does not appear, but that he was found within the jurisdiction of the Court of Common Pleas, in the County of Hampshire, and was duly notified of the process. The plaintiff, in his replication, avers, that the defendant had such notice, that he appeared before said Court, submitted to the jurisdiction, and defended in the suit. These facts are not denied, but acknowledged, by the defendant's rejoinder. It is to be presumed also, from the record, that the defendant was legally served with process, within the State of Massachusetts; and that, in consequence thereof, he voluntarily appeared, and submitted his cause to the decision of said Court. No good reason, therefore, is perceived, why he should not be bound thereby.