The mayor's court of the city of New-York is a court of general jurisdiction, and therefore it is not requisite to allege that the cause of action arose within the limits of the city and county of New-York. A mis-recital of the title of a statute in a part which does not alter the sense, when its date is truly set forth can not be shewn as error, or after verdict, alleged in arrest of judgment. If under the law authorizing the arrest of ships, the residence of the owner be put in issue and found against him. it cannot be urged for error that the declaration did not aver the owner to be a non-resident. Under the same act a plaintiff may recover beyond the amount of his bills annexed to his declaration, if the sum be within the damages laid and costs may also be recovered. The judgment against a

The Ship Nancy, John Murray owner, *against,* John Fitzpatrick.

IN ERROR from the mayor's court, on an attachment by the now defendant against the ship *Nancy* under the act of the 10th of *August* 1798 " authorizing the arrest of ships or vessels, for " debts contracted by the master, owner or consignee, for and on " account of such ships or vessels, in this state."

The declaration contained two counts against the vessel, in actual custody of the sheriff of the city and county of *New-York,* alleging in the first, the work and materials furnished to amount to 96 dollars 56 cents, and in the second to 9 dollars 48 cents, and in both, that they were so afforded at the request of her captain, who promised to pay what they were reasonably worth, with the common averment, and notice, &c. annexing bills which contained an account of the demand. To this *Murray* came in and pleaded, —1st, The general issue as to the promises—2dly, That the ship was not owned by a non-resident, but by himself. On these pleas separate issues were taken, and a verdict being found for the plaintiff on each, assessing the damages with interest, and giving costs, judgment was entered " that the said ship or vessel called the " *Nancy,* remain liable to the said *John Fitzpatrick,* for his damages " &c. and also for forty five dollars and eighty-seven cents, being " &c. which damages in the whole &c." The plaintiff now assigned for error, 1st, That the verdicts against the ship were rendered upon issues taken to the pleas of *John Murray,* who was no party to the record, neither appearance nor bail having been entered or filed for him. 2d, That by the common law, and custom of this state, no such action could be maintained. 3d, That the declaration did not shew the materials &c. to have been furnished within the jurisdiction of the mayor's court. 4th, That the act was misrecited in using the plural number " masters owners and consignees" instead of the singular; there being no such act as that set forth. 5th, That the declaration did not aver the ship, at the time when the materials &c. were afforded, was owned by a non-resident. 6th, That the jury had assessed damages beyond the amount of the account annexed to the declaration. 7th, That the judgment was futile and nugatory, on which no execution could issue, and gave the plaintiff below, no other remedy than he had before. 8th, That costs were given against the vessel, for which she was not liable.

*Hopkins* for the plaintiff in error. It is in vain to attempt to support a judgment which is in itself incongruous and utterly senseless. The act cannot be carried into execution by any mode of proceedings in existence; at least not by such as are now before the court. On the point of costs it is silent, none therefore can be recovered. For the statute giving costs, gives them only where damages were recoverable before. *Wilkinson* v. *Abbott. Cwop.* 367. The third error is, it is conceived fatal. In all suits in inferior courts, the cause of action ought to be shewn to arise within its jurisdiction. 1 *D. & E.* 151.*

SPENCER, J. That is in cases where the court has a limited jurisdiction as to territory.

*Hopkins.* If, however, this be otherwise, there is no such statute as that stated. It may not perhaps be necessary to recite a public act, but when attempted, it must be faithfully done. 3 *Salk.* 331.† *Cro. Eliz.* 236.‡ 1 *Com. Di. tit. action on statute.* I. These authorities may be thought applicable to proceedings on indictments, and other criminal matters; but the same principle is found in actions on *assumpsit. Cowp.* 474.§ The non residence of the owner ought to have been averred, as it is of the essence of the action. The law makes this the git of the suit, and it is upon this only that the statute can be enforced. *Com. Di. Tit. Pleader.* c. 76. The amount of the damages ought to be confined to that stated by the bills. It is for this purpose that the act requires the accounts proceeded for, to be annexed to the declaration. This was meant to control the damages laid; there is manifest error therefore in giving more than are claimed. If it has been intended to cover, by the excess, the interest due; it is still within the reason advanced. The bills do not demand it, and the present case is, by the statute, made essentially to differ from those in which the damages laid, are considered as the sum claimed. It may be urged that the verdict has cured some of the faults, and therefore, they cannot now be relied on for error. The rule is this, when the right, or title is set forth defectively, a verdict will cure it; but when a defective right, or title is stated, no verdict will cure it. That is, a verdict will cure form, but not substance. *Doug.* 679.* Time and place may thus be aided; but not matter. *Co. Litt.* 303. b. 7 *Rep.* 25. a.† As therefore the non-residence is not averred, and the jurisdiction not shewn, the judgment must be reversed.

*Radcliff,* contra. The proceedings in this case are under a special act, creating a mode contrary to the common law; and

NEW-YORK, May, 1805.

John Murray
v.
J. Fitzpatrick.

vessel proceeded against under the above law, is " that she remain liable &c," and whether she is to be sold or not, is for the court below.

A person claiming to be owner may come in and plead in an attachment against his vessel, without entering an appearance or filing bail, and a verdict on an issue to his plea and judgment thereon is good.

*Trevor v. Wall.*
† *Mills v. Wilkins.*
‡*Vander Plunken v. Griffin.*
§*Mann v. Green.*

* *Rushton v. Aspinall.*
† *Butt's Case.*

NEW-YORK, adopting a remedy in the nature of admiralty jurisdiction. They
May, 1805. are therefore, to be construed with the same liberality, as that
John Murray court is accustomed to use.  The words of the statute are to the
v.
J. Fitzpatrick. same effect.  In the 3d section, the principle of that forum is
adopted.  All persons having demands, are authorized to join in
one declaration, the form of which is prescribed.  They are to
" briefly set forth their demands, allege the work to be done at
" the request of the owner, master or consignee, as the case really
" is, averring demand and refusal, and annexing the accounts."
The act excludes the necessity of stating either non-residence, or
that the cause of action arose within the jurisdiction.  But there
is another answer to these objections.  The law requires that, pre-
vious to granting the attachment, an affidavit be made stating the
fact of non-residence, and that the materials &c. were furnished
where the vessel then is.  The presumption then must be, that
these circumstances have already been shewn in that part of the
proceedings where it was requisite they should appear.  Besides
the now plaintiff has put these facts in issue ; a verdict could
not have been obtained without their being substantiated, and
the finding of the jury is, of course conclusive, that they were
proved.  I may add on the point of jurisdiction, that it has been
decided, our courts of common pleas have general jurisdiction in
all transitory causes.  The English decisions are to the same effect.
As to the misrecital it is mere surplusage.  That the assessment of
damages is beyond the value of the account annexed can never be
ruled an error ; because the damages laid in the declaration are
beyond those recovered.  With as little reason can the judgment be
impeached on account of the costs allowed.  The act under which
the suit below was instituted, authorizes a reference according to
* 1 Rev. Laws. act the for the " amendment of the law,"* and by *that*, costs are
346. given.  It may be added that our " act to reduce certain laws
† 1 Rev. Laws. concerning costs into one statute"† was passed after that author-
528. izing the arrest of ships, and that it gives costs wherever dam-
‡ 4 Sect. ages are recovered.  Besides the very act in question‡ gives costs
against the vessel when liberated, on the claimant's entering into
bonds to pay the money for which she may be attached.  The
suit below rests on positive statute, not the common law.  There-
fore its form, and the judgment rendered are to be conformable to
the act.  It is ordained that the judgment shall be, that the vessel
remain liable.  The court below can only affirm the rights of the
plaintiff there, and order the vessel to remain liable to them.  If

the debt be satisfied, the attachment will be superseded, and the ship discharged.

*Per curiam*, delivered by LIVINGSTON, J. The first error assigned, or at least relied on, is, that it is not alleged in the declaration, that the work was done, or the materials found, within the jurisdiction of the court below.

The Mayor's court of the city of New-York, may hold plea of actions arising in any part of the state, as well without, as within the limits of the city. It is not necessary, therefore, to state that the cause of them arose within its jurisdiction to give it cognizance, any more than if the suit had been depending in this court.

2—The second error is, that the title of the act is misrecited. The words " *masters* and *owners*" are in the plural, whereas in the act they are in the singular number.

There is some confusion if not jargon in the English books on this point. In some authorities we are told, that as the title is no part of a statute, its misrecital is not fatal, but only surplusage. 1 *L. Ray.** 77. *Hard.* 524.† In others, it is laid down, that a public statute need not be recited in pleading, but if a party undertake to do so and misrecite it, the misrecital is fatal. *Cro. Eliz.* 236.‡ From other cases§ we find the misrecital of a statute in a *material point only*, is fatal. *Cro. Car.* 136.|| 522.** 2 *Bulstr.* 4748.†† 2 *Mod.* 99.‡‡ From other decisions again, it would appear that if a party, in pleading or declaring on a public statute, conclude *contra formam statuti prædicti*, a misrecital is not fatal ; for, as it was not necessary to recite the statute, the judge, although it be misrecited, will take notice of the true contents, 1 *L. Ray.* 382.|||| *Plowd.* 7984.** It is also laid down in another case, that a misrecital of a public statute in a part, which does not go to the ground of action, is cured after verdict by the statute of Jeofails. *Styles.* 241.

After an examination of these different cases, and comparing them with the one before us, we are warranted in coming to this conclusion ; that a misrecital in the title of a public statute, in a part which does not alter the sense, and when its date be truly set forth, shall never be a cause for arresting judgment, after verdict, or be assigned as error. Courts are supposed to be acquainted with all public acts, and whether their title be truly or falsely recited, they will be satisfied that such act as the plaintiff or defendant relies on exists, before either party shall avail himself of it. Thus in the present case it is not denied that there is

* *Chance* v. *Adams.*
† *Attorney General* v. *Hutchison & Pocock.*
‡ *Vander Pinse ken* v *Griffith.*
§ 1 *Cro. Car.* 136 522
|| *Say & Seal* v *Stevens.*
** *Goodwin* v. *West.*
†† *C ck*
v. *Rooke by.*
‡‡ *C noman* v. *Churchil.*
|||| *Platt* v. *Hill.*
** *Patridge* v *Strange & Cro ker.*

NEW-YORK,
May, 1805.

John Murray
v.
J. Fitzpatrick.

such a law as the plaintiff has declared on, and because a clerk has made the plural, of the singular number in its title, without however in the least altering its sense, it would but little comport with the ends of justice, if not be a slander on the court to insist on its considering such variance as fatal after verdict. I therefore disregard this objection to the judgment below.

3—It is alleged that it does not appear that the owner of the *Nancy* was a non-resident.

Whether this objection might not have been valid, if this had not appeared to be the case on some part of the proceedings, I will not say ; but when this fact was very properly put in issue below, upon the plea of the party too, who prosecutes this writ of error, and it is expressly found that the plaintiff's demand arose while the ship was owned by a non-resident, we should be inexcusable now to listen to this allegation. It may indeed be doubted whether the issuing of the warrant and its continuing in force, be not sufficient evidence of non-residence. If the ship of a resident were to be proceeded against in this way, surely a supersedeas might be obtained on satisfactory proof of that fact.

4—The damages it is said, exceed the plaintiff's demand. The jury have allowed interest, as they had a right to do. How then does it appear that they have given more than the plaintiff claimed, which, by his account annexed, could only be for the principal of the supplies furnished ? But the damages laid in the declaration which alone we should look at, are greater than the sum recovered. This objection therefore fails in point of fact.

5—Costs, it is supposed ought not to have been allowed ; because, if damages are given where none were given before, no costs are recoverable. But is that the case here? Were not damages recoverable before this act, for work done or materials found for a vessel ? If the action had been referred, as might have been done under the third section, costs would certainly have been allowed ; for the act concerning costs, which passed in 1801, declares that where damages are recovered, the party shall have costs too.

6—The last assignment is, that the ship by the judgment is to remain liable for the damages and costs. If costs ought to have been given, as has been already shewn, it is reasonable that they, as well as the damages, should be a lien on the property. So, by the fourth section, it is provided that the vessel may be discharged from the attachment, on security being given to pay the demand, with *costs of suit.* But it was, further said, in

support of this objection, that the judgment could not be executed, and should therefore be reversed. How the judgment is to be enforced, whether by the sheriff's keeping the property until the costs and damages are paid, or whether the vessel may be sold to raise the money, are points to be determined in the court below, and not now before us. I should presume the first to be the proper course, and to me it appears a pretty effectual way of carrying into effect the judgment that has been rendered. At any rate, if the judgment be such as the law prescribes, and in my opinion it literally conforms to the act, it is not for us to say it is erroneous, merely because there may be a difficulty in its execution; nor have we a right to render the law a dead letter, because all its provisions are not such as meet our approbation. The legislature intended, as is the case in some other countries, to make the vessels of non-residents liable for certain demands. The present plaintiff has pursued the directions of the act, and we cannot, for any of the reasons which have been assigned, deprive him of the judgment and lien he has obtained on the ship in question. The judgment below must therefore be affirmed.