White, J.
delivered the following opinion of the Court: — [1]
The questions which have been discussed, are produced by the plea of the defendants. Suppose the plea to be true, can the matter in dispute be reexamined in this Court ?
It is said it cannot, because the matter has been adjudicated in the State of Pennsylvania; and that the Constitution of the United States and the act of Congress passed in pursuance thereof, precludes all examination into the merits of that judgment in this State.
Upon this general question the opinions of legal characters in the United States have been very much divided. So much has been said upon .this subject that, at the present day, a man may with more propriety be said to adopt the opinion of another than to form one for himself. The opinion to which I at present incline is that the record is not conclusive evidence that the decision was undeniably right. When a record is authenticated in the manner prescribed by the act of Congress, I hold myself bound to receive it as evidence, — I hold myself bound to receive it as conclusive evidence that such a judgment was rendered as that record speaks of; but I do not hold myself precluded from inquiring into the grounds upon which that judgment was rendered. And if the defendant can clearly show, upon the merits, that such a judgment, when the whole truth is known, .ought never to have been pronounced, I would consider myself at liberty to grant him relief.
I doubt whether the Constitution ever intended to vest Congress with a power to determine what effect the judgment should have in the State to which it is sent. It seems to me probable it intended that Congress should have the power to point out the effect of the authentication which they might prescribe. Because, in the preceding sentence it is said, “ full faith and credit shall be given to the public acts, records, and judicial proceedings of other States, — Congress may prescribe the mode of proof and the effect thereof.” If Congress have the power of declaring the effect of the judgment, why not the power of declaring the effect of a legislative Act ? Would not this have been a most dangerous power to vest in Congress ? I can hardly believe that the framers of the Constitution intended to vest it. But there would be much reason to vest Congress with a power of prescribing the mode of authenticating these documents and declaring the effect of the authentication when made. The mode would then be uniform throughout the States, and the courts of each would be compelled to receive the record as evidence that such a judgment was in fact rendered; and still, upon general principles, the defendant be left at liberty to inquire *327 into the subject-matter of that judgment, and, if he could satisfy the Court that no such judgment ought to have been given, the Court could refuse with propriety to give it any effect to the prejudice of the defendant. 1 Doug. 1; 1 Dal. 188, 261 ; Con. U. S. § 1, Art. 4; 1 Laws U. S. 115; 1 Johns. Rep. 87, 132 ; 1 Mass. T. R. 401; Kirby, 119 ; Hardin, 413 ; Penn. Rep. 400 ; 2 Caine’s C. E. 48 ; 2 Dal. 302 ; 1 Dal. 229, 291; 1 Day, 168 : 5 East, 473; Addison 266; North Carolina Law Rep. 77.
Again, it has been insisted that this plea is good, even though the record is only 'prima facie evidence, that it shows there was a full and fair trial at law, and that a court of chancery cannot interfere.
In this case I view the answer of the defendants as intended only to aid the plea,— the two as constituting one entire defence ; and, therefore, that the answer does not overrule the plea. Mit. 204, 205.
And upon this last point I think with the defendants’ counsel that, taking the matter of the plea to be true, it would bar an investigation in this Court. 3 Atk. 223 ; 1 Johns. C. E. 491; Mit. 204, 205 ; 1 Johns. C. E. 436; 4 Hen. & Mun. 455. If the complainant chooses to deny the truth of this plea he can still reply to it, as well as to the answer ; and he may then have an opportunity of showing that there was not a full and fair trial, and that, therefore, the judgment ought in equity to have no effect. But while ever I am constrained to believe that there was a full and fair trial in a court of law, it will be an objection with me to a reinvestigation in a court of equity.
The plea is, therefore, allowed to be good on this latter point.

 Original Note. — Absent Overton, J.