By the Court,

Cowen, J.
The jurisdiction of the courts of common pleas in this slate is declared by 2 R. S. 135, 2d ed. § 1. The power of the court is to hear, try and determine according to law all actions local to the county where it sits, and all transitory actions wherever the cause may arise. In point of subject matter, its jurisdiction is equal to that of the common pleas in England, and to that of this court in respect to civil actions, with the exceptions of actions local to another county. It is also a court of record (id. 206, § 1). No doubt that it is a court of general jurisdiction as to subject matter, united with the character of a court of record proceeding according to the general course of the common law (3 Caines 38, 41; Kempe’s lessee v. Kennedy, 5 Cranch, 173, 185). True it is relatively inferior to and under the control of this court by mandamus, certiorari, &c. (1 Johns. Cas., 181). So is this court inferior to the court of errors; and the circuit court of the United States inferior to the supreme court. All courts from which an appeal lies are so (Kempe’s lessee v. Kennedy, before cited). “ But,” [485] says Ch. J. Marshall, in that case, ‘‘they are not therefore inferior courts in the technical sense of the words.” And the supreme court of the United States held an inferior court of common pleas in New Jersey, Hunterdon county, which was like our courts of common pleas, limited in its process to the county, to be within those limits “ a court of record, possessing in civil cases a general jurisdiction to any amount, with the exception of suits for real property.” The court place it on the same footing with a circuit court, and add: “ Their proceedings are erroneous if the jurisdiction be not shown upon them. Judgments in such cases may certainly be reversed; but this court is not prepared to say that they are absolute nullities, which may be totally disregarded” (5 Cranch, 185). The court refused to disregard the judgment of the Hunterdon common pleas on this, among other grounds (1 Peters’ C. C. Rep, 35 to 39, S. C., per Washington, J.) In Wheeler v. Raymond (8 Cowen. 311, 314), Savage, C. J., treats the county court of Bennington, Vermont, as one of general jurisdiction, and applies what I think we shall see is the settled rule of presumption in favor of its powers. In Howard v. Barrett, (1 Hall, 155, 157), the common pleas of Suffolk, Massachusetts, was also virtually held to be so; the same rule of presumption applied. So of the common pleas of the county of Hampshire (Smith v. Rhodes, 1 Day, 168; and see Shumway v. Stillman, 4 Cowen, 292; 6 Wendell, 447, S. C.) In short, we are authorized from all these cases to take the ground most clearly, that the objection now interposed is addressed to the record of one of our own courts of general jurisdiction.
Assuming this to be so, I then understand the rule applicable to the case as abundantly settled, and the one on which we have always acted, to be laid down by Clinton, senator, as the result of all the cases in Yates v. Lansing (9 Johns. R. 437). “ The true distinction,” says he, “ has been very judiciously pointed out in the course of the discussion. An inferior court shall, when questioned, show that it acted within its jurisdiction; whereas, in courts of general jurisdiction, it is presumed until the contrary appear.” I take the remarks of the learned senator as perhaps the strongest possible *274 evidence of the rule; for the cause in which he spoke had oeen most elaborately argued in the court of errors; and I believe he is allowed to have gone in that case the farthest of any judge in narrowing the shield of judicial irresponsibility. But the same thing has been again and again held in this court since that time in the cases already cited, and many others. In Wheeler v. Raymond, Savage, C. J., remarked: “ In pleading the judgments of courts of limited jurisdiction, it is necessary to state the facts upon which such jurisdiction is founded; but with respect to courts of general jurisdiction, such averments are not necessary; and if there was a want of jurisdiction, that fact should come from the other side ” (8 Cowen, 314). In Shumway v. Stillman, Marcy, J., declares the judgment of such a-court, though a foreign one, to be conclusive, unless it appear by the record that the defendant was not served with process, and did not appear in' person or by attorney, or these facts be shown by proof aliunde (6 Wendell, 453). The judge is here speaking of the proof, as the late chief justice had done of the pleadings. In Vie same case, when previously debated on the pleadings Sutherland, J., said:
Every presumption is in favor of the jurisdiction of the court” (4 Cow. 236). All these authorities are but an iteration in another form, of the rule so strongly and clearly expressed in Peacock v. Bell (1 Saund. 74, in 19 Car. 2). “ The rule for jurisdiction is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears tobe so.” This, too, was said of a county court, which, though inferior to the K. B., yet, say the court, “ that does not prove it to be an inferior court in the sense that it ought to certify every thing precisely,” and this .too was on error. The record did not show jurisdiction, but the K. B. “ intended it ” until the contrary should be shown.
Indeed, it may be asked where is the case which ever held a judgment record of a court of general jurisdiction void, because it omitted to assert, some formal step in the acquiring of jurisdiction? The omission in Peacock v. Bell was essential. The declaration fails to show a territorial power. [487] All the cases are against this objection, and would fill a page of quotation. Shall it be said that the law will not presume until the record first asserts the fact in the line of circumstances which gives jurisdiction? I answer, such a construction of the rule again contradicts the leading case of Peacock v. Bell, and confounds all distinction between courts of general and limited jurisdiction. Even as to the latter, its record asserting the fact, becomes prima facie evidence. In such case there is no need of presumption; there is direct proof. And does the rule mean to say no more in respect to a court of record? It seems to me a solecism. In regard to limited courts, not proceeding according to the course of the common law, it will not presume; and therefore they must state by their record. While as to the superior court, though it omit a formal ingredient, it shall be intended in respect to the solemnity of the mainproceedings. It is unreasonable and contrary to presumption, to suppose a judgment recorded by a court in all its important forms without the usual notice. In the case at bar, we have the placita, a good and formal declaration, except the words in custody, &c., or their equivalent; an imparlance, a default and formal judgment for damages and costs in an action of assumpsit.- The pleader has let slip the two words and the “&c.” The omission was evidently the merest clerical error; and this "it is said subverts the whole proceeding; the judgment is a nullity. Parties, judges and every participant would become, consequently, trespassers by enforcing the judgment; and even an action would not lie upon it. And all this is based on the presumption, that attorneys and all concerned have proceeded headlong to the judgment without notice. This, too, is to be presumed after the defendant has had actual notice of the judgment by a suit in this court, a plea of nul tiel record, a trial at the circuit and motion for a *275 •new trial, without any application to the common pleas to strike such an irregular record out of existence, which they would of course have done, if there were any foundation for the surmise on which the present defence is founded. The whole was subject to the summary correction of the common pleas, if there was any wrong done. Ii not, it appears to me, [488] at most, a mere formal defect, amendable within the statute, though after judgment (2 R. S. 2d ed. 343, § 4). The least we can do, therefore, is to let the cause stand ovér for a motion, and render judgment on the verdict upon the amendment being so made as to show jurisdiction. An insertion of the words “ in custody, &e.” or “ by declaration filed, a copy served and rule entered, and notice ” according to the fact, it is agreed, would put every thing to rights. But I can not bring myself to think a motion necessary; at most," the omission is cause for a writ of error. See Smith v. Fowle (12 Wendell, 9).
I am aware that the late chief justice has intimated a different opinion in Denning v. Roberts (11 Wendell, 647). It was not, however, upon the point involved, and on much reflection, but with all the deference due to that distinguished judge, I must be permitted to say that he overlooked at the moment the proper distinction, and applied that remark to a superior court which is due only to "a special jurisdiction. The record then in question, was in a summary proceeding against unknown owners; in this court, to be sure; but still no less a proceeding contrary to the course of the common law, and under very special and limited powers. Quoad hoc, this court was a limited jurisdiction. The defect of the record there was the want of a proper affidavit that the plaintiffs could not discover the names, &c. of the supposed unknown owners. “ It is,” says the chief justice “ a proceeding in rent, and nothing is to be taken by intendment.” He then supposes a record like this, to omit the words “ in custody, &c.” or equivalent words; and asks would it not be a nullity?* a record too tof this court, where it must be conceded the doctrine of intendment comes with its greatest force. Certainly, by carrying this suggestion into the form of an adjudication, we decide in so many words, that although a court of the most extensive general powers, our acts are as bald and naked of all presumption in favor of their due formality, as those of the most narrow and special tribunal known to the law. It places them below those of a justice, whose judgment [489] may be declared on without averring jurisdiction (Smith v. Mumford, 9 Cowen, 26).
I am of opinion that a new trial should be denied.
New trial denied.