SUPREME COURT.   Kings General Term, July, 1855    *Brown,*
*Rockwell* and *S. B. Strong,* Justices

THE PEOPLE *vs.* JOHN CAVANAGH.

Error committed by a criminal court having jurisdiction of the offence and of the person of the prisoner can not be re-examined on *habeas corpus;* whether the error occurred at the trial or is alleged to exist in the judgment rendered, the only remedy is by *certiorari* or *writ of error.*

Though, in such case, matters anterior to the judgment can not be reexamined on *habeas corpus,* yet the officer may discharge for reasons arising subsequent to the judgment, such as the expiration of the term of imprisonment, the payment of the fine imposed, or reversal of the judgment or an executive pardon.

When the imprisonment is under process valid on its face it will be deemed *prima facie* legal and the prisoner must assume the burthen of proving its validity by showing a want of jurisdiction.

Error, irregularity, or want of form is no ground for discharging on *habeus corpus :* nor is any defect which may be amended or remedied by further entry, or by motion.

A court of Oyer and Terminer is a court of superior criminal jurisdiction, having power to try all crimes and misdemeanors and though its record does not show the service of process on the defendant, its jurisdiction over the person will be presumed.

Upon a conviction at the Oyer and Terminer, it is sufficient to state in the entry of judgment in the minutes, under the requirement of 2 R. S. 728 § 5, that the defendant was convicted of a misdemeanor; and a more particular description of the offence need not be stated. Nor is a more particular description of the offence necessary in the warrant of commitment.

Where, on *habeas corpus,* it becomes material to know of what particular misdemeanor the prisoner was convicted, in order to determine whether the commitment was legal, resort may be had to the record, if one has been made up and filed, and if not, to the indictment upon which he was tried and convicted and to which the entry in the minutes refers.

It forms no ground for a discharge on *habeas corpus,* that the court of Oyer and Terminer erred in sentencing a prisoner, convicted of a misdemeanor, to imprisonment in the county jail, instead of the penitentiary.

Forms of writ of *certiorari* to remove decision on *habeas corpus,* and of return thereto, including petition for *habeas corpus,* return and traverse, and decision.

This case came up on *certiorari.* It was brought for the purpose of reviewing a decision made on *habeas corpus,* by Mr Justice Dean, reported in 1 *Park. Cr. R.* 588.

The writ of certiorari was as follows:

The People of the state of New York to Gilbert Dean, Esq., one of the justices of the Supreme Court of the state of New York, greeting:

Whereas we have been informed by the complaint of Richard C. Underhill, district attorney of the county of Kings, [L. S.] that certain proceedings were had before you on behalf of John Cavanagh, lately convicted of a misdemeanor in our court of Oyer and Terminer, of the county of Kings, and imprisoned, pursuant to sentence thereon, in the common jail of said county, whereby an order was made by you on the third day of October, in the year one thousand eight hundred and fifty-four, allowing a writ of habeas corpus, tested of that day, and directed to Englebert Lott, sheriff of said county and keeper of the common jail thereof, commanding him to bring before you, the said justice, the body of the said John Cavanagh, together with the cause of his imprisonment, at the city hall, in the. city of Brooklyn; and whereby a certain other order was made by you in said proceedings upon the return of said writ on the fifth day of October, in the year aforesaid, discharging the said John Cavanagh from his imprisonment aforesaid; and we being willing, for certain reasons, to be certified of the said proceedings, writ and orders, and all things appertaining thereto, do command you that you certify the same, with all things appertaining thereto, unto our justices of our Supreme Court, at the city hall, in the city of Brooklyn, on the first Monday of November, in the year one thousand eight hundred and fifty-four, under your seal, as fully and amply as the same remain before you, that our said justices may cause to be done further thereupon what of right and according to law ought to be done, and have you then there this writ.

Witness Selah B. Strong, Esq., justice of the Supreme Court, at the city hall of Brooklyn, the twenty-sixth day of October, in the year. one thousand eight hundred and fifty-four.

C. A. DENIKE, Clerk.

R C. UNDERHILL, Dist. Attorney of Kings county.

.(Endorsed.)    On the application of R. C. Underhill, district attorney of Kings county, upon his affidavit sworn to October 26, 1854, I allow the within writ of certiorari to issue; and let said affidavit be filed in the office of the clerk of Kings county.    Dated October 26, 1854.

W. ROCKWELL, *Justice of the Supreme Court.*

To which the following answer was made:

The answer of Gilbert Dean, one of the justices of the Supreme Court, to the writ of certiorari hereto annexed.

By virtue of and in obedience to the writ of certiorari hereto annexed, and to me directed, I do hereby certify and return to the justices of the Supreme Court, that on the third day of October, in the year one thousand eight hundred and fifty-four, a petition of John Cavanagh was presented to me, duly verified, which petition is as follows:

*To the Supreme Court of the state of New York.*

The petition of John Cavanagh respectfully shows, that he is unjustly and unlawfully restrained of his liberty, and detained in the county jail of the county of Kings, as a prisoner, by Englebert Lott, Esq., sheriff of the said county of Kings, and that he is not committed or detained by virtue of any process issued by any court of the United States, or by any judge thereof, nor is he committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue, of any execution issued upon such judgment or decree; that the cause or pretence of such detention and imprisonment, according to the best of the knowledge and belief of your petitioner, is the minute of conviction of your petitioner of an alleged misdemeanor at a court of Oyer and Terminer, held in and for the county of Kings, and the sentence of said court thereupon, a copy of which said minute of conviction and sentence is as follows:

At a court of Oyer and Terminer held in and for the county of

The People *v.* Cavanagh.

Kings, at the court house, in the city of Brooklyn, on the twelfth day of September, in the year of our Lord one thousand eight hundred and fifty-four. Present—The Hon. Wm. Rockwell, justice, presiding; Henry A. Moore, county judge; Nicholas Stillwell and Samuel S. Stryker, justices of the peace.

The People of the state of New York,
vs. } Convicted of misdemeanor.
John Cavanagh.

Thereupon, it is ordered and adjudged by the court, that the said John Cavanagh, for the misdemeanor aforesaid whereof he is convicted, be imprisoned in the common jail of Kings county for the term of thirty days, and pay a fine of two hundred and fifty dollars, and in default of payment of said fine to be imprisoned for a further term not exceeding six months.

And your petitioner respectfully suggests, as matter of error in said minute of conviction, that the same does not show and set forth of what offence your petitioner was and stands convicted, and does not show and set forth that your petitioner was convicted of any offence at all.

Your petitioner further shows, that in and by an act of the legislature of the state of New York, passed April 5th, 1853, entitled " An act relating to the penitentiary in the county of Kings," it was enacted and provided as follows:

1st. Whenever the penitentiary in the county of Kings shall be ready for the confinement of prisoners therein, the board of supervisors of said county shall file a certificate thereof in the office of the clerk of said county, and also publish a notice of the same for three weeks successively in one or more newspapers published in said county.

2d. After the filing of said certificate, and the publication of said notice, it shall be the duty of all magistrates and courts in said county to sentence all persons who, on conviction, are liable (except in capital cases) to imprisonment for a period of not less than thirty days, to confinement in said penitentiary instead of the county jail; and the keeper thereof shall receive such persons and safely keep for the term for which they were

sentenced, and employ them according to the government of said penitentiary.

And your petitioner further says, that as he has been informed, and believes to be true, the board of supervisors of the said county of Kings, prior to the conviction and sentence of your petitioner, the said penitentiary being ready for the confinement of prisoners therein, filed the said certificate and published a notice of the same, as is directed and required by said act. By reason whereof the said sentence of your petitioner to imprisonment in the said county jail was illegal.

Wherefore your petitioner prays that a writ of habeas corpus issue, directed to the said Englebert Lott, sheriff as aforesaid, commanding him to bring your petitioner before your Honor, to be dealt with according to law.

JOHN CAVANAGH.

*Kings county, City of Brooklyn, ss:*

John Cavanagh, the petitioner in the foregoing petition, being duly sworn, says, that he has heard the foregoing petition read, and that he knows the contents thereof, and that the same is true of his own knowledge, except as to the matters therein stated on information and belief, and that as to those matters he believes it to be true. JOHN CAVANAGH.

Sworn to before me, this 3d day of October, 1854,

A. McCUE, *Com. of Deeds.*

That I did thereupon, pursuant to the prayer of said petitioner, order and allow a writ of habeas corpus to issue to Englebert Lott, sheriff of said county of Kings, commanding him to have before me the body of the said John Cavanagh, together with the cause of his imprisonment, at the city hall of the city of Brooklyn, on the fourth day of October, 1854; at which last mentioned time and place appeared before me the said sheriff, together with the said John Cavanagh, and also the district attorney of said county, on behalf of the people, and the said sheriff did then and there return to the said writ of habeas corpus that he had said John Cavanagh then pre-

sent, and that he held and detained him under and by virtue of a commitment annexed to said return, and of which a copy is set forth in the foregoing petition, which commitment was duly certified by the clerk of the court of Oyer and Terminer therein mentioned, to be a true extract from the minutes of said court, and was sealed with the seal thereof.

And thereupon the said John Cavanagh did traverse said return of said sheriff, which traverse is as follows:

In the matter of the application of John Cavanagh on habeas corpus.

*Kings County, City of Brooklyn, ss:*

John Cavanagh, the petitioner, being duly sworn, says, for traverse to the return of the sheriff to the writ of habeas corpus in this case, that the same is not sufficient to hold and detain him, for that on the face of said return it does not appear that the court of Oyer and Terminer had authority to direct the imprisonment of your petitioner at all, or that it had any authority to direct the imprisonment of your petitioner in the county jail; for that there existed in the county of Kings a penitentiary, which is the place designated by law for the imprisonment of all persons who, on conviction, are liable (except in capital cases) to imprisonment for a period of not less than thirty days, and which is the only place in which your petitioner, under the conviction against him, could be legally imprisoned.                     JOHN CAVANAGH.

Sworn to before me, this 4th day of October, 1854.

G. DEAN, *Justice of Supreme Court.*

Whereupon I did then and there proceed to hear the allegations and proofs produced in behalf of said prisoner, and also in behalf of said people; and being satisfied upon such hearing that the penitentiary of said county of Kings had been made ready for the confinement of prisoners therein, and that a certificate and notice thereof had been duly filed and published pursuant to the act of the legislature of the state of New York,

mentioned in said petition, I did thereupon, for the reasons stated in the annexed opinion, make and endorse upon said writ of habeas corpus an order as follows:

In the matter of .the habeas corpus issued to the sheriff of Kings county, to bring up the body of John Cavanagh, by him detained with the cause, &c.

On the return of the sheriff made to the within habeas corpus, and the traverse thereof on behalf of the prisoner, and on hearing the district attorney on behalf of the people, and the counsel of the prisoner, it is ordered that the prisoner be and he is hereby discharged from custody.

Dated October 5, 1854.                         G. DEAN.
                                    *Justice of Supreme Court.*

All of which I do hereby certify, and return as within I am commanded.

In testimony whereof I have hereunto put my hand and seal, this 27th day of October, in the year 1854.

                                    G. DEAN, [L. S.]

*R. C. Underhill,* (District Attorney) for the people.

I. The judge erred in allowing the writ of habeas corpus, because

(1) The prisoner was detained by virtue of the final judgment of a competent tribunal of criminal jurisdictions; and

(2) That fact appeared from the petition itself. (2 *R. S.* Pt. 3, *Ch.* 9, *Tit.* 1, *Art.* 2, § 36 *and* 40, *case folios* 9 *to* 11; 2 *R. S. Pt.* 4, *Ch.* 2, *Tit.* 6, *Art.* 1, § 5 *and* 13 )

II. The judge erred in discharging the prisoner, for the reason first above stated, since the cause of the detention appeared from the return to the writ, (case folio 17,) and that cause was the final judgment of the Oyer and Terminer. (2 *R. S. Pt.* 4, *Ch.* 2, *ubi supra; Id. Pt.* 3, *Ch.* 9, *Tit.* 1, *Art.* 2, § 55.)

(*a*) The Oyer and Terminer is a competent court of criminal

The People v. Cavanagh.

jurisdiction to try and pass judgment upon all misdemeanors (2 *R. S. Pt. 3, Ch. 1, Tit. 4,* § 14.)

(*b*) It is a Superior Court of general criminal jurisdiction, and jurisdiction of the person upon whom it passes judgment is, therefore, presumed. (*Foot* v. *Stevens,* 17 *Wend.* 483; *Hart* v. *Seixas,* 21 *Wend.* 40; *People* v. *Nevins,* 1 *Hill.* 154.)

III. A competent court having jurisdiction of the subject matter of a cause, and of the parties to it, and proceeding to pass judgment therein, is legally competent to pass any judgment, which under any circumstances, the court is authorized to pronounce; and, although its judgment be erroneous, it can not be reversed, vacated, superseded or evaded by a judge at chambers or elsewhere; but only by a competent court, proceeding according to the prescribed legal forms, judicially to review it. (*People* v. *Nevins,* 1 *Hill,* 154; *Bl. Comm. Bk.* 4, *p.* 391-2.)

IV. The defendant's remedy for any error of the court in this case, is by writ of error, and not by writ of *habeas corpus.* (2 *R. S. Pt.* 4, *Ch.* 2 *Tit.* 6, *Art.* 2; *Bl. Comm. Bk.* 4, *p.* 391-2 3 *Hill,* 662.)

V. The orders made by Justice Dean, allowing the writ of *habeas corpus,* and discharging the defendant from custody, should be reversed and set aside; and the defendant should be remanded to the custody of the sheriff of Kings county, to be by him detained pursuant to the sentence of the Oyer and Terminer.

*King  Hadden & McCue,* for defendant.

1st. The commitment does not show the particular offence designated as a misdemeanor, nor the conviction to have been of an offence for which defendant might be adjudged to be imprisoned; certain offences declared to be misdemeanors, being punishable by fine alone, others by fine and imprisonment, others by fine or imprisonment, and others by imprisonment alone.

2d. The defendant was adjudged upon said conviction to imprisonment in the common jail of the county of Kings, for the period of thirty days, &c., when he should have been sentenced, if at all, to the county penitentiary.

3d. Upon the grounds aforesaid said commitment is void.

*By the Court*, Brown, J.—Error committed by a criminal court, having jurisdiction of the offence and the person of the prisoner, can not be reexamined upon *habeas corpus*. Whether the error occurred at the trial, or is alleged to exist in the judg-. ment rendered, the only remedy is by *certiorari* or writ of error. When it is alleged that the prisoner is in custody by virtue of legal process, the existence of the process and its validity upon its face become a legitimate subject of inquiry; but there can be no reexamination of any matter which occurred anterior to the judgment, and warrant of commitment. Matters which entitle a prisoner to his discharge, such as the expiration of the period of time for which he was sentenced, a reversal of the judgment, an executive pardon, or the payment of the fine imposed upon him as a punishment, are subjects upon which the officer issuing the writ may hear proof and when established, constitute good cause for the prisoner's discharge. " When the imprisonment is under process, valid on its face, it will be deemed *prima facie* legal, and the prisoner must assume the burthen of impeaching its validity by showing a want of jurisdiction in the magistrate or court where it emanated. If he fail in thus impeaching it, his body is to be remanded to custody. Error, irregularity, or want of form, is no objection. Nor is any defect which may be amended or remedied by further entry or motion." (3 *Hill*, 661, *note*, 31; *The People* v. *Nevins*, 1 *Hill*, 154; *Case of the Sheriff of Middlesex*, 11 *Adolp. & Ellis* 273; *The People* v. *Cassels*, 5 *Hill*, 164.)

Courts of Oyer and Terminer are courts of superior criminal jurisdiction, having power: 1. To inquire by the oath of good and lawful men of the same county, of all crimes and misdemeanors committed or triable in such county: and 2d, to hear

and determine all such crimes and misdemeanors. (2 *R. S.* 2d ed. *p.* 132, § 29.) It is apparent therefore, that the court of Oyer and Terminer of the county of Kings, had jurisdiction over the offence of which the prisoner, Cavanagh, was convicted, and its jurisdiction over his person will be presumed In *Hart* v. *Seixas*, (21 *Wend.* 40,) the record did not show that the court below had acquired jurisdiction by the service of process, or the appearance of the defendant, and it was held that a court of general jurisdiction is not bound to show the regularity of its proceedings expressly, but that every thing necessary to confer jurisdiction over the person of the defendant would be presumed. The learned justice who delivered the opinion quoted with approbation the rule to be found in *Peacock* v. *Bell*, (1 *Sand.* 73,) " that nothing shall be intended to be out of the jurisdiction of a Superior Court, but that which specially appears to be so, and nothing shall be intended to be within the jurisdiction of an inferior court, but that which is expressly alleged." (*Vide also Foot* v. *Stevens*, 17 *Wend.* 483,) It appeared by the return to the writ of *habeas corpus* in this proceeding, and also by the petition upon which it was granted, that the prisoner John Cavanagh was in the custody of the sheriff of the county of Kings, in the county jail, by virtue of a commitment, being an extract from the minutes of the court duly certified by the clerk, which expressed, that at a court of Oyer and Terminer holden in and for the county of Kings, on the 12th day of September, 1854, before the Hon. W. ROCK-WELL, one of the justices of this court, HENRY A. MOORE, county judge, NICHOLAS STILLWELL and SAMUEL STRIKER justices, &c., John Cavanagh was convicted of misdemeanor, " whereupon it was ordered and adjudged by the court, that the said John Cavanagh for the misdemeanor aforesaid, whereof he is convicted, be imprisoned in the common jail of Kings county, for the term of thirty days, and pay a fine of $250, and in default of the payment of such fine, he be imprisoned for a further term not exceeding six months." The return was not traversed except so far as to deny the sufficiency of the commitment to detain the prisoner in custody. The 42 section of

the act concerning writs of *habeas corpus*, &c. (2 *R. S.* 469, 470,) directed that if the return show that the prisoner is detained in custody " by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree," it shall be the duty of the officer before whom the proceedings are had forthwith to order the prisoner to be remanded. The authority for the form of the commitment upon which Cavanagh was detained, is to be found in the 5th section of the act concerning judgments, &c., in criminal cases, (2 *R. S.* 618,) which requires the clerk " whenever a judgment, upon any conviction, shall be rendered in any court, to enter such judgment fully in his minutes, stating briefly the offence for which such conviction shall have been had." Section 11 of the same act provides that a transcript of the entry of such conviction, duly certified by the clerk, shall be delivered to the sheriff which shall be sufficient authority for him to execute such sentence, which he shall execute accordingly." The learned justice, before whom the proceedings under review were had, made an order that Cavanagh be discharged from his imprisonment, upon the ground that the transcript of conviction was not evidence of the final judgment of a competent court of criminal jurisdiction, because no offence was stated. The entry asserts that the prisoner was convicted of misdemeanor, and the court thereupon adjudged that " for the misdemeanor aforesaid, whereof he is convicted, he be imprisoned, &c." " The misdemeanor aforesaid whereof he is convicted," is the offence particularly set out in the indictment, and whenever the record was made up in pursuance of the fourth section of the act last referred to, it would have disclosed the particular acts which constituted the crime, and the nature and character of the misdemeanor of which the prisoner was convicted. In the transcript of the conviction, the crime is briefly stated as a misdemeanor, which is precisely what the act requires. No other term could have been employed more apt and significant. Besides, it has been shown that the want of form is no objection, nor is any defect or omission which may be supplied or

The People *v.* Cavanagh.

remedied by further entry or motion. In *The People* v. *Nevins*, the rule upon which the defendant was committed for a contempt, was quite as brief and inexplicit as the entry in the present case. The court say, " the sum for the nonpayment of which a man is committed for contempt, should no doubt be specified by the rule; but that may be directly, or by reference to a proceeding taken to ascertain the amount through the proper officer, whose report, on its being filed and confirmed, becomes the act of the court and is then to be read , as part of the rule. *Id certum est quod certum reddi potest.*" For illustration the court refer to " the little slip called a bail piece, on which a man may be arrested, and under a short committitur endorsed by a judge, incarcerated, either before or after judgment, at the pleasure of his manucaptors. So in this case, if it became material to know of what particular misdemeanor the prisoner was convicted, in order to determine that the commitment was legal, resort might have been had to the record, if one had been made up and filed, and if not, to the indictment upon which he was tried and convicted, and to which the entry in the minutes referred. But no resort to the record or the indictment, was necessary to give effect to the entry as evidence of a conviction for a crime. It expressed that the prisoner is convicted of misdemeanor, and for the misdemeanor aforesaid, whereof he is convicted that he be imprisoned, &c. At the common law, the term misdemeanor is generally used in contradiction to felony, and misdemeanors comprehend all indictable offences which do not amount to felony, (4 *Black. Com.* 5.) There are, it is true, a numerous class of offences, acts of omission and commission, which are specially declared by the statutes to be misdemeanors. There is also a general provision, section 45 of the act concerning offences punishable by imprisonment in the county jail by fines, (2 *R. S.* 582,) which declares " that when the performance of any act is prohibited by any statute and no penalty for the violation of such statute is imposed, either in the same section containing such prohibition, or in any other section or statute, the doing such act shall be deemed a misdemeanor." Section

46 prescribes the punishment for such misdemeanor, which is imprisonment in the county jail not exceeding one year, or by fine not exceeding $250, or by both such fine and imprisonment. A misdemeanor is therefore a distinct and well defined offence, with its appropriate punishment declared by the statute. It was no more necessary in the entry of the conviction and sentence upon the minutes of the court, to state or to refer to the particular facts which constitute the misdemeanor, then it would have been to set out or refer to the particular acts which constituted the murder, manslaughter or larceny, had the prisoner been convicted and sentenced for either of those crimes. The offence is described in the entry by the name and designation given to it by the law, and that was all that could be required Let us suppose (what I understand was actually the case,) that Cavanagh was one of the commissioners of excise of the city of Brooklyn. That he united with his co-commissioners in doing some of the acts prohibited by the law concerning excise, and the granting of licenses. And for this breach of public duty he had been indicted by the grand jury and convicted at the Oyer and Terminer. His offence would have fallen within the general provision of section 45 of the act concerning offences, punishable by imprisonment in the county jail and by fine. It would have been a misdemeanor, and by no other name could it have been appropriately and legally designated in the entry of the conviction and sentence.

I therefore conclude that in making the order for the discharge of Cavanagh from his imprisonment, the learned justice erred. The moment it appeared that he was in the custody of the sheriff upon the conviction, and in execution of the sentence mentioned in the return, the injunction of the 42 section of the act concerning writs of *habeas corpus*, &c., because positive and peremptory, and he should have been remanded.

There is no force in the point raised that Cavanagh should have been sentenced to the penitentiary and not to the county jail. We must assume that the Oyer and Terminer determined it had the power to pronounce the sentence under which he was imprisoned. If it was an error to designate the county

jail as the place of his confinement, (which I by no means assert,) it can not be reviewed and corrected in this proceeding. It forms no ground for his discharge upon *habeas corpus*.

The proceedings reversed and the prisoner remanded, &c.

