## Mary Carey *v.* Thomas W. Carey.

The court having issued an attachment against a defendant, in a divorce suit, for disobedience of an order for the payment of alimony, pending suit, will, in case of the defendant's fraudulent intent to dispose of his property, or to leave the State, interfere by injunction, and will appoint a receiver of defendant's property if necessary to enable the court to apply the remedy provided for by the statute.

Appeal by the defendant, from two orders, made at special term, enjoining him and his assignee from disposing of his property, and appointing a receiver thereof.

The facts sufficiently appear in the opinion of the court.

*John Townshend*, for appellant.

*Ward, Jones & Whitehead*, for respondent.

By the Court.—Daly, F. J.—The grounds upon which the defendant was enjoined from making any disposition of his property, and a receiver of it appointed, were, that the action is for a limited divorce upon the ground of cruel and inhuman treatment, that an order was made for the payment of alimony, to the plaintiff, that the defendant disobeyed the order, and an attachment was issued against him; that he was packing up the goods in his shoe-store, at night, with two cart-loads of furniture and goods packed in front of the door; that the cart-man and the defendant both refused to tell where the goods were going; that the defendant cannot, after diligent inquiry, be found; that the clerk, left by him in charge of his store, when inquired of respecting him, replied that he did not know where he was, or when he would be back; that the clerk was engaged in selling out the stock of the store by the case, and not by retail; that there was a bill upon the store, to let; that the defendant declared to the plaintiff's attorney, that he would assign his property to one Graham; and that he has given a mortgage to Graham, covering the whole of his real estate, assigned the lease of his store to his lawyer,

Mr. Townshend, his furniture to another person, and more than half the goods in his store to several persons. It also appears that he is about to remove his goods to Jersey City, and has left this city and taken up his residence in the State of New Jersey; that he is a confirmed inebriate, and the plaintiff is left with three small children, with no means for their support but the alimony ordered by the court, and which the defendant will not pay.

It is difficult to conceive of a stronger case than this, calling for the equitable interference of the court. The relief here asked is necessary to enable the court to apply the remedy provided for by the statute (2 R. S. 148, § 60); for the sequestration of the defendant's personal estate, and of the rents and profits of his real estate for the payment of temporary or permanent alimony to the plaintiff could not be effectually carried out if the defendant were allowed to make away with and dispose of his property in the manner he is doing and manifestly intends to do.

This court is not, as the defendant's counsel suggests, a court of statutory jurisdiction, except so far as its jurisdiction is limited to cases where the parties reside in, or are served with the summons in this city and county. In all other respects, it is a court proceeding according to the course of the common law (*Foot* v. *Stevens*, 17 Wend. 483; *Harris* v. *Seixas*, 21 id. 45), and exercising, since the Constitution of 1846, and under the Code, general powers in affording relief, either at law or in equity. It has, within its territorial limitations, general equity jurisdiction (Townshend's Notes to the Code, note *a*, 8th ed.; *Bowen* v. *The Irish Presbyterian Church*, 6 Bosw. 246; *In the matter of De Angelos*, 1 Code, R. N. S. 349).

Both orders should be affirmed.