The opinion of the Court was afterwards delivered as follows by
Parsons, C. J.
By the statute of 1783, c. 38, the Probate Court, making the inquisition there required, is authorized to assign guardians to any person non compos mentis, and to empower them to take care of his person and estate; to improve and receive the profits of his lands; to recover, by suit at law, all debts due to him, and to pay all his debts out of his real or personal estate. This decree of the judge, so long as it remains in force unreversed, must be considered at least as prima facie evidence that the assignment of the guardians was rightly made, and that the ward was a person non compos mentis. If it was not to have this effect, no person could be induced to take the humane but unpleasant office. If in every exercise of his power he must be called upon, not only to show that he was in fact assigned a guardian, but also prove, by other evidence, that the judge had discreetly exercised his jurisdiction, he would be subject to very great and unnecessary vexations.
And no injury can result from considering the guardianship as established wisely, and for good cause. The ward, if sane, may have the assignment revoked upon appeal; and it cannot * be inconvenient to creditors, to call on the guar- [*150j dian for the payment of their debts, to which he is made liable; nor injurious to them, if their demands are disputed, to have the interest of their debtor defended by a guardian. And it is immaterial to the debtors of the ward, whether they are sued by him or his guardian, if they do not seek some undue advantage.
We are, therefore, satisfied that the letter of guardianship was proper evidence to be left to the jury. There are some strong grounds, on which it may be inferred that a letter of guardianship of any person adjudged to be non compos, so long as it is unrevokcd or not annulled, is conclusive evidence of his insanity; but on this point we give no opinion.
The verdict cannot be set aside; and judgment must be rendered that the former judgment be reversed, and that the plaintiff *138 in error, in his capacity of administrator with the will annexed, be restored to all which the testator lost thereby, with costs of suit.
Bigelow for the plaintiff in error.