Margin note: Nov. Term, 1836.

BLISS
v.
WILSON.

## BLISS *v.* WILSON.

In the case of a judgment by default against a defendant, the writ and return are a necessary part of the record.

The record in such case must show that the defendant had notice of the suit, or the judgment is a nullity.

Nov. Term,
1836.

ERROR to the *Cass* Circuit Court.

BLISS
v.
WILSON.

*Wednesday,*
*November 30.*

BLACKFORD, J.—*Wilson* recovered a judgment by default against *Bliss*, in *Huntington* county, before a justice of the peace. Afterwards, a *scire facias* to show cause why execution should not issue upon that judgment, was issued against *Bliss* in *Cass* county by a justice of the peace. *Bliss* appeared to the *scire facias*, and judgment was rendered against him. He then appealed to the Circuit Court. The parties submitted the cause to the Circuit Court, and a judgment was there rendered against *Bliss* for the sum considered to be due.

The objection to these proceedings is, that the judgment in *Huntington* county was rendered against the defendant by default, without his having had notice of the suit.

It has been decided, that in the case of a judgment by default, the writ and return are a necessary part of the record. *Nadenbush* v. *Lane*, 4 Rand. 413. The reason of this is, that the record may always show whether the judgment rendered against a man in his absence, was with or without notice of the suit. If he had no notice, in cases like the present, the judgment is a nullity. Were the law otherwise, every person would be liable to have judgments rendered against him without cause, and without his knowledge.

The transcript of the justice in *Huntington* county shows that process had issued in the cause against *Bliss*, and had been returned; but it does not show that the process had been served. For any thing that appears in the record, *Bliss* may not have had any notice, either actual or constructive, of the pendency of that suit; and the judgment against him in the case, therefore, is of no validity. The necessary consequence is, that the *scire facias* and proceedings under it, founded on that judgment, cannot be sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Chase*, for the plaintiff.

*S. C. Sample*, for the defendant.