Perkins, J.
— “ It should be borne in mind, in this case, that the record in question contains no recital on the subject of notice to the infants, and shows neither that it was, nor that it was not given. The facts staled in it are not such as to preclude the possibility of notice having been given. The infants might have been in Court in person, at the time of the appointment of the guardian ad litem ; if they were, that was sufficient notice ; and had the record simply recited that ‘ on motion,’ without specifying on whose motion, a guardian ad litem was appointed, we have already decided we would presume they were personally in Court.— Thompson v. Hart, 8 Blackf. 336. If they were not in Court at the time of the appointment of the guardian ad litem, still, as the cause was continued to a subse *11 quent term, notice may in the meantime have been given to the infant as well as to the adult defendants. It appears that the guardian accepted the appointment and discharged its duties. See Hough v. Canby, 8 Blackf. 301. It should further be observed, that the record given in evidence, was of proceedings had in a domestic court of general jurisdiction, under its common law powers, seventeen years anterior to the time when said record was so produced.
“ There is supposed to be, an unreconcilable conflict in the decisions upon this subject. We proceed to examine them. There are some points upon which they generally agree.
“ 1st. We think it may be regarded as settled, that a judgment of any court, in a suit requiring ordinary adversary proceedings, that appears upon its face or may be shown by evidence, (in a case where it may be shown) to have been rendered without jurisdiction having been acquired, by notice, of the person of the defendant, or without jurisdiction of the subject matter, is void, and may be treated as being so when it comes in question collaterally. Bliss v. Wilson, 4 Blackf. 169; Smith v. Myers, 5 id. 223; Wort v. Findlay, 8 id. 335; Bloom v. Burdick, 1 Hill’s N. Y. R., 130; Buchanan v. Buckner, 9 East. 192; Shcafer v. Gates and ux. 2 B. Mon. 453; 2 How. U. S. R. 43; 6 id. 163; 2 McLean, 473 — 511 ; 4 Pet. 466; 6 How. Miss. R. 106 — 230.
“ 2d. That the judgment of a court of any of the States of this Union, having jurisdiction of the subject matter of the suit and of the person, however irregular, is not void, and not impeachable collaterally, unless it may be for fraud. 1 Strange, 481 — 703 ; 1 Ld. Ray. 262; 1 Day’s Cases, 170; 3 id. 30; 5 Cranch, 173 ; 4 Iredell, 355; 2 Greenl. 143; 3 Harrison, 73.
“ 3d. That when the record discloses nothing upon the point, jurisdiction of the person and of the subject matter, will, the contraía* not being proved, be presumed, in cases of domestic judgments of courts of general jurisdiction, when they come collaterally in ques tion. 17 Wend. 483; 2 id. 40; 1 Hill’s N. Y. R. 130; 2 Peters, 157; 10 id. 449; 2 How. U. S. R. 319; 17 Mass. 68; 15 Ohio, 689; 4 Dana, 435; 2 B. Mon. 453; 3 McLean, 319; 4 Mass. 147; 19 John. 7.
“ Whether a plea or evidence under any circumstances will be received against this presumption, it is not necessary now to inquire. The case before us conies clearly wilhin those cited under the last *12 of the above divisions, and we need, therefore, now proceed no farther.”

Judgment affirmed.

Judge Smith was not present at the decision of this case, having been formerly retained as Counsel.