May Term,
1848.

HORNER
v.
DOE.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*O. H. Smith*, for the appellant.

*J. Morrison* and *S. Major*, for the appellee.

HORNER and Others *v.* DOE on the Demise of the STATE BANK OF INDIANA.

The judgment of a Court, in a suit requiring ordinary adversary proceedings, which appears on its face, or may be shown by evidence, (in a case where it may be shown,) to have been rendered without jurisdiction having been acquired, by notice, of the person of the defendant, or without jurisdiction of the subject matter, is void and may be so treated when it comes in question collaterally.

The judgment of a Court of any of the States having jurisdiction of the subject matter and of the person, is not void, and is not impeachable collaterally, unless for fraud.

When the record discloses nothing on the point, jurisdiction of the person and of the subject matter will be presumed, in cases of domestic judgments of Courts of general jurisdiction, when they come collaterally, in question.

When the record simply recites that "on motion," without specifying on whose motion, a *guardian ad litem* was appointed, this Court will presume the minors were personally in Court.

*Tuesday,*
*June 27.*

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—Ejectment for a lot of ground in the city of *New Albany*. Trial by jury and a recovery by the plaintiff. Motion for a new trial overruled. The plaintiff below deduced title for his lessor from one *Hannah M. Hollowell;* and to establish title in her at the time she conveyed, he gave in evidence, among other things, the record of a suit in chancery, prosecuted, in 1829, in the *Floyd* Circuit Court, in this state, for a specific performance. Said *Hannah* was the plaintiff in that suit, and the heirs—a part of them then infants—of *J. N.* and *O. Scribner*, were the defendants. The foundation of the

suit was a bond of the said *Scribners*, conditioned for the conveyance of the lot in question to the father of said *Hannah*. There was a decree in her favor for a deed, a commissioner appointed to make it, and a conveyance executed accordingly. She was the sole heir of her father.

The defendants below objected to the giving of said record in evidence, but the Court overruled the objection, and, on the trial, instructed the jury, that it, with the deed under it, was sufficient to convey to said *Hannah* the title of the heirs of the *Scribners* to the lot in dispute.

Whether the Court erred in admitting said record in evidence, and in instructing the jury as to its validity, is the important question in the cause.

The objection to the record was, that it did not show notice of the suit to the infant defendants.

The bill was filed at the *May* term of the Court, 1829, and the next entries of record, subsequent to that of the filing of the bill, are as follows:

"Whereupon, on motion of said complainants, *Harvey Scribner* is hereby appointed guardian *ad litem* to answer for said minor heirs without costs, and this cause is continued till the next term.

"And now, to-wit, at the Circuit Court aforesaid, continued and held as aforesaid, on the 9th day of *October*, 1829, comes the said complainant, by her solicitor; and the said defendants, *Harvey, William A., Lucy Maria*, and *Julia Ann Scribner*, and also the minor heirs, by their guardian, come, and file their answers," &c.

The record not showing notice to the infant defendants, it is insisted, by the counsel for the appellants, that the decree rendered against them in the suit is void, and the deed pursuant to it, consequently, inoperative; and that these matters may be taken advantage of collaterally; while it is contended, on the other hand, that the decree is erroneous merely, and only to be avoided by a direct proceeding for that purpose.

It should be borne in mind, in this case, that the record in question contains no recital on the subject of notice to

the infants, and shows, neither that it was, nor that it was not, given. The facts stated in it are not such as to preclude the possibility of notice having been given. The infants might have been in Court in person at the time of the appointment of the guardian *ad litem;* if they were, that was sufficient notice; and had the record simply recited that "on motion," without specifying on whose motion, a guardian *ad litem* was appointed, we have already decided we would presume they were personally in Court. *Thompson* v. *Hart*, 8 Blackf. 336. If they were not in Court at the time of the appointment of the guardian *ad litem*, still, as the cause was continued to a subsequent term, notice may, in the mean time, have been given to the infant, as well as to the adult defendants. It appears that the guardian accepted the appointment and discharged its duties. See *Hough* v. *Canby*, 8 Blackf. 301.

It should further be observed, that the record given in evidence was of proceedings had in a domestic Court, of general jurisdiction, under its common law powers, seventeen years anterior to the time when said record was so produced. These are the circumstances of the case necessary to be considered in its decision; and the question is, did the Court below, in such a state of facts, err in holding the decree of the Circuit Court of 1829 not a nullity and not impeachable collaterally?

There is supposed to be an irreconcilable conflict in the decisions upon this subject. Upon an examination it will be found that there are some points upon which they generally agree.

1. We think it may be regarded as settled, that a judgment of any Court, in a suit requiring ordinary adversary proceedings, that appears upon its face or may be shown by evidence, (in a case where it may be shown) to have been rendered without jurisdiction having been acquired, by notice, of the person of the defendant, or without jurisdiction of the subject matter, is void, and may treated as being so, when it comes in question collaterally. *Bliss* v. *Wilson*, 4 Blackf. 169.—*Smith* v. *Myers*, 5 *id*. 223.—*Wort*

v. *Finley*, 8 *id*. 335.—*Bloom* v. *Burdick*, 1 Hill N. Y. 130. —*Buchanan* v. *Rucker*, 9 East. 192.—*Sheafer* v. *Gates et ux.*, 2 B. Mon. 453.—*Shimer's Lessee* v. *Lynn et. al.*, 2 How. U. S. 43.—*Westerwelt* v. *Lewis et al.* 2 McLean, 511.— *Lincoln* v. *Tower*, *id*. 473.—*Hollingsworth* v. *Barbour et al.* 4 Pet. 466.—*Campbell* v. *Brown, et ux.* 6 How. Miss. 106, 230.—*Shelton* v. *Tifflin et al.* 6 How. U. S. 163.

2. That the judgment of a Court, of any of the states of this union, having jurisdiction of the subject matter of the suit and of the person, however irregular, is not void and not impeachable collaterally, unless it may be for fraud. *Rex* v. *Vincent*, 1 Strange 481.—*Rex* v. *Rhodes id*. 703.—*Raines' case*, 1 Ld. Ray. 262.—*Noel* v. *Wells*, 1 Lev. 235.—*Bush* v. *Sheldon*, 1 Day's Cases, 170.—*Peck* v. *Woodbridge*, 3 *id*. 30.—*Kempe's Lessee* v. *Kennedy et al.* 5 Cranch, 173.—*Burke* v. *Elliott*, 4 Iredell 355.—*Diehl* v. *Page*, 2 Green, 143.—*Martin's Lessee* v. *Roach*, 1 Harr N. J. 477, 548.—*Obert* v. *Hammill*, 3 Harr. 73.

3. That where the record discloses nothing upon the point, jurisdiction of the person and of the subject matter, will, the contrary not being proved, be presumed, in cases of domestic judgments of Courts of general jurisdiction, where they come collaterally in question. *Peacock* v. *Bell*, 1 Saund. 74 and notes.—*Foote* and *Beebe* v. *Stevens*, 17 Wend. 483.—*Hart* v. *Seixas*, 21 *id*. 40, overruling *Deming* v. *Corwin*, 11 Wend. 647.—*Bloom* v. *Burdick*, 1 Hill N. Y. 130.—*Thompson* v. *Tolmin*, 2 Pet. 157. —*Voorhees* v. *The Bank of the U. S.*, 10 *id*. 449.—*Grignon's Lessee* v. *Astor*, 2 How. U. S. 319.—*Brown et al.* v. *Wood et ux.*, 17 Mass. 68.—*Robb* v. *Lessee of Irwin*, 15 O. 689.—*Bustard* v. *Gates*, 4 Dana, 435.—*Sheaffer* v. *Gates et ux.* 2 B. Mon. 453.—*Lessee of Nelson* v. *Moon et al.*, 3 McLean, 319.—*White* v. *Palmer*, 4 Mass. 147.—*Mills* v. *Martin*, 19 John. 7, per *Spencer*, Chief Justice.

Whether a plea, or evidence under any circumstances, will be received against this presumption, it is not necessary now to inquire. The case before us comes clearly within those cited under the last of the above divisions, and we need, therefore, now, proceed no further.

It may not be improper to remark that in *New York*, it seems to be held that where a Court of general common law jurisdiction is vested, by statute, with a special power over some particular subject, it is, as to that, to be treated as a Court of special, limited jurisdiction, and not entitled to the common jurisdictional presumption. *Foote* v. *Stevens*, 17 Wend. on page 488. While in *New Jersey* the contrary doctrine is expressly decided. *Diehl* v. *Page*, 2 Green. 143.—*Pettinger* v. *Pettinger*, *id*. 156.

There is also some want of uniformity in opinion as to what constitutes a Court of special, limited jurisdiction; see *Obert* v. *Hammill*, *supra;* but these are questions foreign to the case before us, as no decision holds an ordinary county Court as such limited one; and the proceedings involved in this case were under the general jurisdiction of the Court. There is no other point in the case that demands comment (1).

*Per Curiam.*—The judgment is affirmed with costs.

*J. Collins, Jr.*, for the appellants.

*R. Crawford* and *T. L. Smith*, for the appellees.

(1) SMITH, J., having been concerned as counsel, was absent.