*G. F. Shepley*, for plaintiff.

---

Lucy E. Smith, *plaintiff in error, versus* John H. Rhodes. Same *versus* Same.

When errors of fact are assigned for the reversal of a judgment, a plea of " *in nullo est erratum*," admits the truth of the facts assigned.

A judgment, rendered against an administrator, within twelve months from his assuming his trust, for demands affected by the insolvency of the estate, and not by way of appeal from the decision of the commissioners of insolvency to ascertain the amount of a claim in dispute, is erroneous, and may be reversed.

Wells, J. — Where an error is manifest upon the face of the proceedings, the judgment is erroneous in law ; an error in law must appear by the record itself. 3 Black. Com. 407 ; *Kirby* v. *Wood*, 16 Maine, 81.

In these cases, there is nothing upon the record, which indi-

cates any error. It does not appear by the record, when the plaintiff took upon herself the trust as administratrix, nor that the judgments were rendered within the year after she assumed it. There is not therefore any error in law.

But a reversal may take place for errors of fact, as where the defendant was a minor, or *non compos mentis,* being legally incapable of making a defence, or where he was absent from the State, and had no actual notice of the suit and was defaulted and judgment rendered at the first term, without a continuance, as the statute requires. *Knapp* v. *Crosby,* 1 Mass. 479; *White* v. *Palmer,* 4 Mass. 147; *Gay* v. *Richardson,* 18 Pick. 417; *Blanchard* v. *Wilde,* 1 Mass. 341.

The errors alleged by the plaintiff are errors of fact, in commencing the actions against her, within twelve months after she took on herself the trust, and not continuing them at the expense of the defendant in error, until the expiration of the twelve months, but taking judgment within that time. The plea in *nullo est erratum,* is an admission of the truth of the facts assigned.

By the R. S. c. 120, § 21, " no executor or administrator shall be compelled in any court to defend a suit, commenced against him in said capacity, within the term of twelve months next after taking on him such trust; unless brought for a recovery of a demand, not affected by the insolvency of the estate," &c.

And by § 22, " all such suits, except as mentioned in the preceding section, shall be continued at the expense of the plaintiff, till the year from the time the trust was accepted shall have expired; and any tender of a debt to a creditor, within such year, shall bar any action improperly commenced in the course of said year." By the act of 1821, c. 52, § 18, which was a transcript of the act of Massachusetts of Feb'y 14, 1789, § 2, the same provisions are in substance made. If then an action is commenced within the year, the plaintiff must continue it at his own expense, and the executor or administrator is not bound to answer to it within the year,

but within that time may tender the debt, and by so doing bar the action.

The executor or administrator is allowed that period to investigate the affairs of the estate and ascertain its solvency, and ought not within it to be compelled to notice suits brought against him, unless they are commenced for demands, not affected by the insolvency of the estate, or by way of appeal from the decision of the commissioners of insolvency to ascertain the amount of a claim in dispute. The causes of action were for demands, as appears by the declarations, which would be affected by the insolvency of the estate, and not coming within the excepted class, and the errors assigned are confessed by the plea. The judgments are therefore erroneous, and must be reversed.

*Morgan*, for the plaintiff in error.

*Rand*, for the defendant in error.