## WADSWORTH *vs.* SHERMAN.

An inquisition, by which a person is found to be of unsound mind and incapable of conducting his own affairs, in consequence of habitual drunkenness, is *conclusive* evidence of the incapacity of such person.

Accordingly *held*, in an action against the indorser of a bill of exchange, who after the making and indorsing of the bill had been found to be an habitual drunkard, upon a commission issued for that purpose, that after the finding of the inquisition the defendant was not competent to waive notice of non-payment and protest; and that evidence that at the time of signing such waiver he was perfectly sober and competent to transact business, was inadmissible.

ASSUMPSIT, tried before HOYT, justice, at the Livingston circuit in December, 1847. The action was against the defendant as indorser of a bill of exchange or draft, drawn by O. P. Wilder upon George L. Davis for $500, dated Perry, July 9th, 1845, payable to the order of the drawer, six months after date, and indorsed by the drawer, David L. Stewart, and the defendant. On the face of the draft was written, "accepted, payable at the Merchants Bank in the city of New-York, Geo. L. Davis." The defendant, by a written stipulation bearing date January 5th, 1846, had waived notice of non-payment and protest of the draft. There was no evidence of the presentation of the draft for payment at its maturity, or of protest for non-payment, or notice thereof.

The defense relied upon was, that after the date of the draft, and before the date of the stipulation waiving notice of non-payment and protest, a petition had been presented to the late court of chancery, before the vice-chancellor of the 8th circuit, setting forth that the defendant was of unsound mind by reason of habitual drunkenness, and praying a writ *de lunatico inquirendo*, to inquire into such lunacy and habitual drunkenness. That such writ was allowed and issued pursuant to such petition ; and that such proceedings were thereupon had that afterwards, and on the 31st day of December, 1845, by an inquisition of a jury of the county of Wyoming, the defendant was found to be of unsound mind in consequence of habitual drunkenness, and incapable of conducting his own affairs, or of governing himself or

of taking care of his property, and that he had been in the same state from the 1st day of July then last past; and that such further proceedings were thereupon had, that on the 9th day of February, 1846, a final writ was issued by order of said court, committing the person and estate of the defendant to Samuel Sharpsteen, a committee appointed by the court for that purpose. The bill of exceptions set forth at length all the proceedings which resulted in the issuing of the last mentioned writ, together with the said writ at length. The inquisition was filed January 13th, 1846. The order appointing Sharpsteen a committee, bore date in February, 1846. The plaintiff offered to prove that the draft in question was made for the accommodation of the drawer; that the drawee had no funds of the drawer in his hands at the time of accepting the same, or since. That at the time of making and accepting the draft, there was no expectation that the drawer would have funds in the hands of the drawee to meet the said draft. That the defendant knew all these facts at the time he indorsed the draft, and that he was then perfectly sober and competent to transact business. This evidence was objected to by the defendant's counsel and the objection sustained, to which the plaintiff's counsel excepted.

The plaintiff's counsel further offered to prove, that at the time the defendant signed the waiver of notice, &c. and at the time he indorsed the draft, he was perfectly sober, and competent to transact business. The defendant's counsel objected to this evidence, and the justice decided that the plaintiff could not give any evidence in relation to the situation of the defendant at the time he signed the waiver, because that was done after the finding of the inquisition of lunacy. To which decision the plaintiff's counsel excepted. The justice further decided, that the plaintiff might prove that the defendant was sober and competent to transact business at the time he indorsed the draft; but unless the plaintiff could charge the defendant with notice of non-payment and protest in some other way than by said paper waiving such notice, such proof would amount to nothing. To the last part of such decision the plaintiff's counsel excepted.

The plaintiff's counsel further offered to prove, that at the

Wadsworth v. Sherman.

time of receiving the aforesaid waiver of notice, &c. and at the time of the trial, the plaintiff was the *bona fide* owner of, and had paid a full and valuable consideration for, the said draft; and that neither the plaintiff, nor his agent who held the draft for collection, had any notice or knowledge of the proceedings, or of the finding of the inquisition aforesaid in relation to the defendant, and therefore did not cause the said draft to be protested. This offer, upon objection by the defendant's counsel, was overruled by the court, and the evidence rejected; to which the counsel for the plaintiff excepted.

A verdict having been found for the defendant, the plaintiff moved to set it aside, and for a new trial.

This suit was commenced in pursuance of an order of the court of chancery, made on the 8th day of June, 1847, before the vice chancellor of the eighth circuit, on petition of the plaintiff, granting the plaintiff leave to prosecute the defendant for the purpose of collecting the draft in question.

*O. Hastings*, for the plaintiff.

*E. Darwin Smith*, for the defendant.

*By the Court*, WELLES, J. I think the only question in this case worthy of consideration, is whether the plaintiff should have been allowed to prove that the defendant, at the time he signed the written waiver of notice of non-payment and protest of the draft, was perfectly sober and competent to transact business. The waiver bore date after the finding of the inquisition. Was the inquisition conclusive, or only *prima facie* evidence of the incapacity of the defendant? The weight of authority seems to be that it was conclusive. In *L'Amoreux* v. *Crosby*, (2 *Paige*, 427,) Chancellor Walworth says, " As to acts done by the lunatic or drunkard, before the issuing of the commission, and which are overreached by the retrospective finding of the jury, the inquisition is only presumptive, but not conclusive evidence of incapacity. But all gifts of the goods and chattels of the idiot, lunatic, or drunkard, and all bonds or other contracts made by

him after the actual finding of the inquisition declaring his in-competency, and until he is permitted to assume the control of his property by the permission of the court, are utterly void." The chancellor refers to *Beverly's case*, (4 *Coke's Rep.* 126, *b*, 127, *a*.) And this rule seems to have been followed in this state, and may, I think, be regarded as established. (*See matter of Burr, a lunatic*, 2 *Barb. Ch. R.* 208 ; *Matter of Patterson, an habitual drunkard*, 4 *How. Pr. R.* 34.) The rule in Massachusetts is the same, with the exception that the lunatic may, during a lucid interval, after office found, make his last will and testament without permission of the court. (*White* v. *Palmer*, 4 *Mass. Rep.* 147. *Stone* v. *Damon*, 12 *Id.* 488. *Leonard* v. *Leonard*, 14 *Pick.* 280. *Breed* v. *Pratt*, 18 *Id.* 115.) And I am not aware that, in this state, it has ever been held that a last will and testament, made by a person under a committee, or after inquisition found, although without the permission of the court, would be absolutely void. In the *matter of Burr*, a lunatic, the order merely discharged the lunatic from the commission and inquisition so far as to permit him to make his will, under the advice and with the sanction of a vice chancellor. He was left at liberty to revoke and cancel the will entirely, without such sanction. But suppose he had made a will without the sanction of the court, I think it is at least an open question, in this state, whether the persons interested in sustaining it, would not be permitted to show that he was of sound mind and memory at the time it was made. I am well satisfied that it has never been judicially held otherwise. If it were necessary, I think it might be shown that such proof would be admissible. The only effect of the commission in such case, would be to shift the burthen of proof. That, however, is foreign to the question in this case, and the remarks are made only to guard against any inference that I concur in the remark found in the case cited from 4 How. Pr. Rep., that the rules in this state and Massachusetts are different.

The liability of an indorser of a time draft is contingent and conditional. It depends upon three things ; first, that it shall not be accepted by the drawee when presented for that purpose ;

Wadsworth *v.* Sherman.

second, that if accepted, it shall not be paid by the acceptor at maturity, according to its tenor, when properly presented for payment; and, third, in either case, that the holder shall give notice to the indorser of such non-acceptance, or non-payment. Presentation and notice in both cases is, in general, indispensable to the indorser's liability, unless he chooses to dispense with it. If neither is done, his liability fails to become absolute and is at an end. Presentation and notice are as essential to the indorser's liability as the indorsement itself; and, it seems to me, the effect of the inquisition upon the act of the defendant, by which it is claimed these conditions of his liability have been dispensed with, should be the same as upon the act of indorsing the draft, provided that had taken place after the finding of the inquisition. It is claimed that if the defendant could not waive presentation and notice on account of the inquisition, the same reason would make service of notice upon him useless and void. So far as notice is concerned, I am not sure but that would be so. But the presentation of the draft for payment after acceptance, was a different thing. That was a proceeding in which the defendant was to take no part, and whether in this case, as the draft matured between the finding of the inquisition and the appointment of the committee, any notice at all was necessary, it is not material to decide. A demand was clearly necessary, and a condition precedent to the defendant's liability, which he was not competent to waive.

I am of opinion, therefore, that the learned justice committed no error in excluding the evidence in question, and that a new trial should be refused.

Ordered accordingly.

[MONROE GENERAL TERM, June 3, 1851. *Welles, Selden* and *Johnson,* Justices.]