BOYLAN *v.* WHITNEY and Another.

To an action brought upon a judgment rendered in another state, the defendant may show, by evidence *dehors* the record, that he was not within the jurisdiction of the Court at any time between the commencement of the action and the recovery of the judgment; and that an attorney who undertook to appear for him, had no authority to do so.

The Court has no right to exclude such evidence because the deposition containing it contains also evidence tending to prove that the judgment was rendered upon a partnership-debt, and that the defendant's partner employed the attorney on behalf of, and that judgment was rendered against, the firm.

ERROR to the *Carroll* Circuit Court.

SMITH, J.—The defendants in error brought an action of debt against *John Boylan* and *Samuel Boylan*, upon several judgments rendered in the state of *New York*.

The suit appears to have been prosecuted against *John Boylan* alone. *Samuel* was not served with process.

*John Boylan* pleaded, *inter alia*, as follows:

That said several judgments in the declaration mentioned, were one and the same judgment; that before the commencement of the suit in which said recovery was had, and during the whole progress of the suit until said recovery was obtained, the said defendant, *John Boylan*, was a resident of the state of *Indiana*, and was not, at any time during said period, within the limits of the state of *New York;* that he was not served with process either by arrest or otherwise; that he had no personal notice of the pendency of the suit; and that he did not appear, or authorize an attorney to appear, to said action on his behalf.

To this plea the plaintiffs replied that the said defendant, *John*, did appear to said action by his attorney, and issue was taken upon the replication.

The issues were all found for the plaintiffs, and a judgment was rendered accordingly.

The plaintiffs gave in evidence the record of a suit in the Supreme Court of the state of *New York*, which resulted in the judgment now sued upon.

The declaration was in assumpsit against *John Boylan* and *Samuel Boylan;* and the record states that the said *John* and *Samuel* appeared by *Benjamin F. Harwood,* their attorney, and pleaded the general issue. It also appears, by the record, that, at each of the subsequent proceedings in the cause, the said defendants appeared by their said attorney.

This record being all the evidence offered by the plaintiffs, the defendant then offered to read in evidence the deposition of *B. F. Harwood.* In this deposition *Harwood* stated that he appeared as the attorney of the said *John* and *Samuel,* in the action above mentioned, without any communication with the said *John* on the subject. He said he appeared at the request of *Samuel Boylan,* who stated to him that he and *John* were partners in the business out of which the suit arose, and that the business had been left with him, *Samuel,* to settle up. He had no other authority than this for his appearance. In answer to a question put to him by the plaintiffs, the deponent said : " *John Boylan* and *Samuel Boylan* were partners in the subject matter of the suit. By the laws of *New York,* one partner has a right to employ an attorney to defend a suit brought against the firm, for all the members of the firm, in respect to their partnership transactions." So much of this answer as respects the law of *New York,* had been previously suppressed on the motion of the defendant.

The defendant also offered to prove by other witnesses that from the year 1840, until 1849, the defendant had been a resident of the state of *Indiana,* and had never, within that period, been within the territorial limits of the state of *New York.*

The action in *New York* was commenced in 1843, and the judgment was rendered in 1844.

All the evidence thus offered by the defendant was excluded by the Court.

It has been settled by the case of *Shelton* v. *Tiffin,* 6 How. U. S. R. 163, and several recent decisions of this Court, that in actions upon judgments rendered in an-

other state, a defendant may show, by evidence *dehors* the record, that he was not within the jurisdiction of the Court, and that an attorney who undertook to appear for him had no authority to do so (1). The evidence offered by the defendant in this case to that effect, ought, therefore, to have been permitted to go to the jury. We think the Court erred in excluding it, notwithstanding a part of it tended to show that *John* and *Samuel Boylan* were partners. Even if one partner has authority to employ an attorney for the firm, in an action brought against the firm, a point of law which need not now be decided, the evidence of partnership is not conclusive, and it would only have presented another question for the jury.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.

*H. Allen* and *Z. Baird*, for the defendants.

(1) See *Horner* v. *Doe*, 1 Carter's Ind. R. 130.—*Sherrard* v. *Nevius*, 2 id. 241. See, also, *Bliss* v. *Wilson*, 4 Blackf. 169.—*Smith* v. *Myers*, 5 id. 223. —*Wort* v. *Finley*, 8 id. 335.