## Case No. 8,467.

LOGANSPORT GASLIGHT & COKE CO. v. KNOWLES et al.

[2 Dill. 421;[1] 5 Chi. Leg. News, 230.]

Circuit Court, D. Minnesota. Jan. 30, 1873.[2]

DEBT ON JUDGMENT OF A SISTER STATE—HOW FAR RECITALS IN RECORD CONCLUSIVE.

Where, in an action on a judgment recovered in a sister state, the record showed the issuing of the summons, and the return of service thereof by the sheriff upon the defendant personally, *held*, that the defendant could not, when called as a witness, contradict the record, and show that he was not personally served with the summons.

[Cited in note to Hood v. State, 56 Ind. 263.]
[See note at end of case.]

This was a suit upon a judgment obtained in a circuit court of the state of Indiana against Knowles and Harvey. A complaint was filed against John W. Bain, Knowles, and Harvey, on the 18th day of September, 1865, for the February term of said court in 1866. A summons was issued on that day, and the judgment record recites, "That on the 15th day of March, 1866, being the 16th judicial day of the February term, the defendants, Knowles and Harvey, though each three times called, come not, but herein wholly make default; and the plaintiff now shows to the court, by the return of the sheriff of Cass county upon the writ of summons issued in this behalf, that said Knowles and Harvey were duly served with process to appear in the action, more than ten days before the present term of this court," etc. The return of the sheriff endorsed on the summons is in these words, to-wit: "I do hereby certify that I served the within writ on the 19th day of September, 1865, upon Alfred H. Knowles and Thomas Harvey, personally, by reading the same to them; and I further certify that John W. Bain cannot be found within my bailiwick. John Davis, Sheriff Cass County; by James Stanley, Deputy." The record further states, after several continuances, that on the 13th day of December, 1870, the court, "hearing plaintiff's proofs and allegations herein, doth find that the defendants, Alfred H. Knowles and Thomas Harvey, are indebted to the plaintiff in the sum of seven thousand eight hundred and fifty dollars ($7,850)," etc. On the trial in this circuit, the defendants were offered as witnesses to prove that they had not been served personally with process. An objection to this offer was sustained, and the plaintiff finally obtained judgment. [Case

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Reversed in 19 Wall. (86 U. S.) 58.]

No. 8,466.] A motion for a new trial is now made by the defendants.

Cornell & Bradley, for plaintiff.
Bigelow, Flandrau & Clark, for defendants.

NELSON, District Judge. The only point which will be considered upon the motion for a new trial, based upon a bill of exceptions in this case, is that wherein it is alleged the court erred in not permitting the defendants, who were offered as witnesses, to contradict the judgment record, which record states the fact of a personal service of the summons upon both of the defendants by the sheriff, and contains a copy of the summons, and of the return of the officer. All of the facts necessary to give the Indiana court jurisdiction of the persons, and of the subject matter, are fully stated in the record.

The defendants' counsel claim that the question raised being a jurisdictional one, they have the right to contradict the fact of a personal service of process, although it is so stated in the judgment record. The constitution of the United States (article 4, § 1) declares that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and congress may, by general laws, prescribe the manner in which such acts, records, and proceedings be proved, and the effect thereof." By authority of this section, congress has enacted that, "the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law and usage in the courts of the state from whence the said records are or shall be taken."

I have had some difficulty in satisfying my mind as to the extent to which it was intended to give effect to the judgments of sister states by this act of congress. The authorities are conflicting upon the subject, and there is no adjudication of the supreme court of the United States in a case like the one in hand. True, there is a statement in the case of Shelton v. Tiffin, 6 How. [47 U. S.] 163, which would seem to foreshadow the opinion of the court at that time, that a personal service of process, or personal appearance in court and waiver of process, when contained in the record, cannot be controverted; but in Christmas v. Russell, 5 Wall. [72 U. S.] 305, it is said that "they (judgment records of sister states) are open to inquiry as to the jurisdiction of the court and notice to the defendant." In the state courts there is great confusion upon the subject. The case of Starbuck v. Murray, 5 Wend. 148, is the leading one relied upon to sustain the position taken by the defendants' counsel, and seems to have been followed very generally in the New York courts. The rea-

soning of Judge Marcy in this case was criticised and rejected by the late Justice McLean (see Lincoln v. Tower [Case No. 8,-355]), and by the supreme court of the state of Michigan (see Wilcox v. Kassick, 2 Mich. 165); but in many of the states it has been followed and approved. In order to properly understand the decision given in Starbuck v. Murray, it is necessary, in my opinion, to examine the law and practice existing at that time in the state of New York in regard to the manner of making up the judgment record; for this practice undoubtedly influenced the court in its decision. It will be found, upon examination, that, by the practice in the courts of that state, the attorney of the prevailing party prepared the judgment record out of court, after the suit had terminated; and the entries were made by him, and not by a particular officer in court. The supervision of the court over the whole course of action was not required by this practice, and the entries, therefore, in a judgment record were such as the attorney saw fit to insert, although by a fiction everything was supposed to be entered in open court. See Grah. Prac.; Burrill, Prac. tit. "Judgments in General," etc. There was very good reason, therefore, for permitting a defendant in a suit upon a judgment rendered in the courts of that state to contest any jurisdictional fact, even to the extent of contradicting the statement of personal service of process, or any fact which showed jurisdiction of the person. The record in all its parts was the act of the attorney, and did not bear the impression of absolute verity. It is true this case (Starbuck v. Murray), goes to the full extent of deciding that, notwithstanding the record, any jurisdictional fact may be inquired into; but to my mind it is clear that Judge Marcy had in view the practice with which he was most familiar, and what he said had reference to the status of judicial records similarly situated to those of the state of New York.

The authorities compiled by Mr. Bigelow in his excellent work on "Estoppel," seem to me to justify the conclusion laid down by him, viz.: "If the allegations in the record as to jurisdiction could not be disputed in the sister state, they must be conclusive throughout the Union," and "We should state the rule to be, that where the record contains an allegation of specific facts sufficient to constitute jurisdiction, parties and privies are estopped to deny the jurisdiction in a suit for the same cause of action, unless the record would be inconclusive in an action upon the judgment in the state in which it was rendered." Bigelow, Estop. p. 237, and preceding title, "Foreign Judgments in Personam." In Indiana, this record would be conclusive between the parties without doubt. 23 Ind. 628; 2 Blackf. 108. A case on all fours with the one at bar has been decided in that state, upholding the conclusiveness of the judgment of a sister state, where the record alleges personal service of summons. Westcott v. Brown, 13 Ind. 83, explaining Boylan v. Whitney, 3 Ind. 140, cited by defendants' counsel. See, also, Roberts v. Caldwell, 2 Dana, 512; 3 Gilman, 197.

The defendants, therefore, in my opinion, are not entitled to a new trial. Motion denied.

[NOTE. On a writ of error, this case, so far as it concerned the defendant Alfred H. Knowles, was brought before the supreme court. Mr. Justice Bradley, delivering the opinion of the court, remarked that the defendant had a perfect right to prove that he had never been served with process, and that the Cass county circuit court, Ind., never acquired jurisdiction of his person. A venire de novo was awarded. 19 Wall. (86 U. S.) 58.]

## LOGS OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of logs; e. g. "Logs of Cedar. See Two Hundred and Sixty-Eight Logs of Cedar, Case No. 14,295."]