*G. V. Howk, J. H. Stotsenburg,* and *T. M. Brown,* for appellant.

---

### PACKARD ET AL. *v.* MENDENHALL.

VOID JUDGMENT.—An illegal and void judgment will not bar another suit upon the same cause of action.

SAME.—*Jurisdiction of Person.*—If a defendant, against whom a judgment is rendered, received no notice, either actual or constructive, of the pendency of the action, the judgment is a nullity.

PRACTICE.—*Assignment of Error.—Sufficiency of Complaint.*—In an action commenced before a justice of the peace, where a cause of action was filed, a party cannot, in the Supreme Court, assign for error that no cause of action was filed with the justice, and thereby raise a question as to the sufficiency of the cause of action.

APPEAL from the Cass Circuit Court.

BUSKIRK, J.—This action originated before a justice of the peace, where the appellee recovered a judgment against the appellants. The appellants appealed to the circuit court, where, we are informed by the clerk, they moved to dismiss the action, which was overruled and an exception taken. The motion is not copied into the record, nor does the clerk inform us for what reason a dismissal was asked. The question is not reserved by a bill of exceptions. The clerk cannot thus make a record for this court.

The cause was tried by the court, and resulted in a finding for the appellee, and, over a motion for a new trial, judgment was rendered on the finding.

The only available assignment of error is based upon the refusal of the court to grant a new trial. The facts, as shown under the pleadings on the trial, are these : The appellee on the 16th day of April, 1869, recovered before one James M. Howard, a justice of the peace in and for Eel Township, in Cass county, Indiana, a judgment against the appellants, for the sum of one hundred and twenty-one dollars and eighty-six cents and costs of suit, upon the same identical note which is the foundation of the present action; that on the 21st day of April, 1869, an execution was issued on the above judgment, and placed in the hands of a constable; that on the 4th day of May, 1869, the appellants applied to the judge of the circuit court for an injunction restraining the collection of said judgment, upon the ground that the appellants in this action and the defendants in the first action had received no notice, either actual or constructive, of the pendency of the said action; that on said day the said judge granted a temporary restraining order; that on the 15th day of May, 1869, a perpetual injunction was granted, forever enjoining the collection of said judgment, for the reasons and upon the grounds stated in the complaint of the appellants; and that said decree remains in full force, unreversed and unappealed from.

The present action was commenced on the 8th day of May, 1869.

The defendants below and appellants here plead in bar of this action the recovery of the first judgment, and now insist that the court erred in overruling their motion for a new trial. ·

If the first judgment was valid, the cause of action was merged in the judgment, and another action cannot be maintained on the cause of action which was the foundation of the first judgment. If, on the other hand, the first judgment was illegal and void, the cause of action was not merged in such illegal and void judgment. An illegal and void judgment cannot bar another action upon the cause of action. As we have seen, the appellants, in their sworn complaint for an injunction, alleged that they had received no notice, either actual or constructive, of the pendency of such first action, and for this reason the court perpetually enjoined the collection of such judgment. They cannot now be heard to say that such first judgment was legal and valid, and constitutes a bar to the present action. If the appellants received no notice of the pendency of the first action, the entire proceedings were void *ab initio,* and any judgment rendered was a mere nullity, and bound no one. *Beard* v. *Beard,* 21 Ind. 321. A full and complete transcript of the proceedings in the first action before the justice and those in the circuit court, enjoining the collection of such judgment, are properly in the record, and clearly show that all the proceedings in the first action, before the justice, were illegal and void from the beginning, and, consequently, they are no bar to the present action. *Horner* v. *Doe,* 1 Ind. 130.

It is quite clear to us that the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

Buskirk, J.—A rehearing is asked in this case, because we did not pass upon a question made in the assignment of errors and argued by counsel. The assignment of error is, "No cause

of action was filed with the justice before whom this cause was originally commenced. It is shown by the record that the following cause of action was filed before the justice :

"A. D. Packard and John Spotts to William Mendenhall Dr. to amount due on note, a copy of which is filed herewith, and made a part hereof, $125.00, damages $25.00. Wherefore plaintiff demands judgment for $150.00 and cost.

"JAMES M. HOWARD, Pl'ff's Att'y."

We think that the above was a sufficient cause of action before a justice of the peace, if a copy of the note was filed therewith. The point argued here is, that the cause of action was defective, because neither the original nor a copy of the note was filed. The failure to demur does not waive the sufficiency of the facts stated in a complaint, and a party may assign for error here, that the complaint does not contain facts sufficient to constitute a cause of action. *Kesler* v. *Myers*, 41 Ind. 543 ; *Miller* v. *Billingsly*, 41 Ind. 489.

But we thought in the original hearing, and still think, that a party cannot assign for error, that no cause of action was filed, and under such assignment require us to pass upon the sufficiency of a cause of action that was confessedly filed before the justice.

The petition is overruled.

*F. Swigart* and *D. B. Anderson,* for appellant.