## NICHOLSON *v.* STEPHENS ET AL.

INJUNCTION.—*Judgment of Justice of the Peace.*—*Jurisdiction.*—*Fictitious Plaintiff.*—A complaint to enjoin the collection of a judgment rendered by a justice of the peace, alleging that there was no service of process, setting out the entry of judgment, the entry not showing any service of process, and alleging facts showing that there was no real party plaintiff, is good.

JUDGMENT.—*Erroneous but not Void.*—*Parties.*—*Instrument Sued on.*—The facts that an action is brought in the name of the treasurer of a corporation, instead of the corporation, and that the written instrument on which the action is founded is not filed with the complaint, will render a judgment for the plaintiff erroneous, but not void.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellant.

BUSKIRK, J.—This was an action by the appellant against the appellees to perpetually enjoin the collection of a judgment rendered by Rondebush, a justice of the peace, upon which an execution had been issued and placed in the hands of Costor, a constable.

A demurrer was sustained to the complaint, and this ruling is assigned for error, and presents the only question in the case.

The complaint alleges, in substance, that on the 10th day of September, 1873, an organization calling itself Noblesville and Fishersburgh Gravel Road Company No. 2, by George Stephens, treasurer, filed a complaint before the said Rondebush, as justice of the peace, in the words and figures following:

" Albert Nicholson Dr. to Noblesville and Fishersburgh G. R. Co. No. 2, $50, on subscription of stock of said road."

That the said justice rendered a judgment against appellant for fifty dollars ; that an execution had been issued thereon and placed in the hands of Costor, constable, who had levied the same upon the property of appellant, and that the same would be sold unless restrained ; that no such corporation ever had an existence in Hamilton county, or elsewhere ; that if such a corporation was in existence, the judg-

ment was void, because the action was not brought in the corporate name, but in the name of George Stephens, treasurer; that the written instrument upon which the action was founded was not filed with or made a part of the cause of action ; that the appellant was not served with notice of the pendency of said action as appears from the record of said judgment.

These allegations were admitted to be true by the demurrer. Did they render the judgment void? If no such an organization ever existed, it had no right to maintain an action. To entitle a court to take cognizance of an action, there must be a real and substantial controversy between adverse parties to the action. A fictitious person or corporation has no standing in court. *Smith* v. *The Junction Railway Co.*, 29 Ind. 546; *Lord* v. *Veazie*, 8 How. 251.

The fact that the action was brought in the name of the treasurer instead of the corporation, and that the instrument upon which the action was based was not filed with and made a part of the cause of action, would render the judgment erroneous, but not void.

A personal judgment that is rendered without notice of the pendency of the action is a nullity, binding no one. *Horner* v. *Doe, ex dem. State Bank*, 1 Ind. 130; *Ashley* v. *Laird*, 14 Ind. 222; *Hawkins* v. *Hawkins' Adm'r*, 28 Ind. 66; *Rice* v. *Loomis*, 28 Ind. 399; *The State, ex rel. Combs*, v. *Hudson*, 37 Ind. 198; *Packard* v. *Mendenhall*, 42 Ind. 598; *Beard* v. *Beard*, 21 Ind. 321.

The judgment was rendered by default. The entry upon the docket of the justice is as follows:

" Whereupon a summons issued for the defendant on the 10th of September, 1870, in the forenoon, and was put into the hands of W. H. Costor, constable. Now, on the 14th of September, A. D. 1870, at 9 o'clock in the forenoon, the summons being returned on the 10th of September, 1870, by W. H. Costor, constable, the plaintiff appears and makes proof of his claim ; the defendant came not, though three times called, but makes default. It is therefore considered

that the plaintiff recover of the defendant the sum of fifty dollars, together with costs, two dollars and sixty cents, and interest from the 14th of September, 1870."

The above entry does not show any service of the summons. The justice was not required to copy the summons and return upon his docket. *Taylor* v. *McClure*, 28 Ind. 39. But the entry of the justice should show a service of the summons, as presumptions in favor of the jurisdiction of the justice are not indulged as in case of a court of general jurisdiction. The complaint alleges there was no service of process. The entry of the justice does not show any service. The summons and return are not made a part of the transcript filed in this court. Upon these facts the plaintiff was entitled to an injunction, unless it was shown upon the trial that the summons was in fact served. Upon the allegations of the complaint the judgment was void, there being no notice and no real party plaintiff. The court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings.